**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CARL MALONE**                                                                                                              **PLAINTIFF**

**v.**                                                              **No. 3:22-cv-00035-NBB-JMV**

**COOKE INSURANCE CENTER, INC., ET AL.**                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION OF DISMISSAL

This matter is before the court following the *pro se* plaintiff's prior request he be permitted to amend his complaint to dismiss from the case Defendants, Becky Hannah, Jesse Barham, and Thomas Wooten. As discussed below, though a motion to amend the complaint to simply drop any reference to these defendants is not the proper vehicle for dismissing them, in light of plaintiff's request, the undersigned recommends that these defendants should be dismissed without prejudice pursuant to an order of dismissal in accord with FRCP41(a)(2).

By way of background, Plaintiff filed the complaint [1] in this action on February 28, 2022, in which Plaintiff alleged causes of action against a number of defendants, including the three individuals referenced above. On November 18, 2022, just three (3) days prior to expiration of the discovery deadline, Plaintiff filed his [50] motion for leave to amend. Specifically, Plaintiff sought to drop from his complaint any reference to Defendants Hannah, Barham, and Wooten. He did so because he conceded that these individual defendants had insignificant or no "involvement" in the incident complained of. In its [54] Order denying Motion for Leave to Amend Complaint, the court explained that an amendment is an inappropriate vehicle to accomplish dismissal of these defendants. The court directed Plaintiff he should submit to the court a signed stipulation of dismissal of these three defendants in accordance with Rule 41(1)(a)(ii) of the Federal Rules of

Civil Procedure within fourteen (14) days of its December 9, 2022, order, but he has failed to do so.

Nevertheless, pursuant to Fed. R. Civ. P. 41(a)(2), the court may, itself, upon request of a party, order dismissal of an action against defendants or some of them, on terms deemed just by the court. In the instant case, the undersigned recommends, entry of such an order dismissing the aforementioned three defendants as the same would be in keeping with the prior request of Plaintiff to do so and is consistent with Plaintiff's concession that he has discovered he has no claim against them.

Therefore, it is recommended that Defendants Becky Hannah, Jesse Barham, and Thomas Wooten be dismissed without prejudice pursuant to Fed. R. Civ. P. 41.

### Procedure for Filing Objections

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 13th day of January, 2023.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**